Mr. Justice ThacheR
delivered the opinion of the court.
The plaintiff in error filed a motion in the circuit court of *473 Jefferson county against the sheriff and his sureties on his official bond, for failing to pay over money collected upon execution. The defence relied upon by the sheriff was the collection of the amountof theexecution in the notes of the Mississippi Union Bank with the consent of the attorney-at-law of the plaintiff in error, who was the plaintiff in the execution, which consent was authorized by the plaintiff in error. The first ground relied upon as error was the refusal of the circuit court to rule out of the evidence testimony to the following effect, to wit: That the plaintiff, at the period of the collection of the amount of the execution in question, was in the habit of receiving in payment of debts due him Union Bank money, and did receive from one of his agents, the sum of $1500, and from another the sum of between $4000 and $5000; that from another of his attorneys-at-law, at the same period, he received collections in his favor in similar funds without objection, and that such funds constituted the currency of the country at that time, and were uniformly received by clients; and that the sheriff communicated information to the attorney of the plaintiff of the fact of his collecting the amount of the execution in Union Bank money, who received the information without any expression of disapprobation respecting the character of the funds collected. It is fully settled by this court, as well as elsewhere, that nothing short of the payment of the amount of a judgment in lawful money, that is, in the coin of the United States, is a satisfaction of an execution, unless the consent of the plaintiff in an execution permits a different satisfaction. The consent or acquiescence of a plaintiff in an execution to receive bank notes in satisfaction of his judgment, may be express or implied, and all facts and circumstances tending to show such consent, recognition, or acquiescence, may legitimately be allowed to go to a jury. The evidence complained of in this case, so far as it went, had a direct tendency to show the acquiescence of the plaintiff in the execution in the receipt of such funds in the payment of the debts due him, the one in question as well as others. The record shows also that the return of the execution was made at the December term, 1859, and the motion was not filed against the sheriff until the November term, *474 1843, an interval of nearly four years. In view of this fact, the evidence objected to was properly admitted, as showing an implied sanction by the plaintiff in the action of the sheriff upon the execution. The circumstances of this case are very like that of Buckhannan et al. v. Tinnin et al. 2 How. S. Ct. R. 258, wherein similar views of the law prevail.
It is hardly necessary to add that the court below did not err in refusing to charge the jury that there was no legal proof that the plaintiff authorized the sheriff to receive the Union Bank notes. According to the foregoing view of the law, such a charge would have been directly against the facts as presented by the evidence.
Judgment affirmed.